IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MIGANO ABDI, and DUHIRA HASSAN,<br><br>Plaintiffs,<br><br>vs.<br><br>JESSICA JENNINGS, Child and family service specialist; in her individual capacity;<br><br>Defendant. | **8:25CV515**<br><br>**MEMORANDUM AND ORDER** |

Before the Court is a "supplemental" complaint filed by Plaintiffs Migano Abdi and Duhira Hassan ("Plaintiffs") on April 10, 2026 (the "Amended Complaint"), Filing No. 12, which this Court construes as an amended complaint filed in accordance with this Court's March 26, 2026, Memorandum and Order, Filing No. 11 (instructing Plaintiffs to file an amended complaint no later than April 27, 2026, or their remaining claims would be dismissed without further notice and the case would be closed). The Court now conducts an initial review of the Amended Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). For the reasons set forth below, Plaintiff's Amended Complaint shall be dismissed without prejudice for failure to state a claim on which relief may be granted.

## I. Procedural History

Plaintiffs filed their Complaint, Filing No. 1, seeking restoration of parental rights, justice for the child, accountability for all responsible parties, investigation of state custody practices, and at least $75,000 in monetary damages arising from the care of Plaintiffs' child by defendants Nebraska Child Protective Service ("Nebraska CPS") agent Jessica Jennings ("Jennings"), Nebraska Department of Health and Human Services ("Nebraska

DHHS"), and Nebraska Medical Center ("NMC"), *id.* at 4. Plaintiffs sought to proceed in forma pauperis, Filing No. 2; Filing No. 7, which this Court granted on August 28, 2025, Filing No. 5, and October 3, 2025, Filing No. 8.

On March 26, 2026, this Court performed an initial review of Plaintiffs' Complaint, finding that defendants Nebraska DHHS and NMC, as well as all claims against defendant Jennings in her official capacity, must be dismissed from the suit as barred by the Eleventh Amendment. Filing No. 11 at 5. The Court further found that while claims against defendant Jennings in her individual capacity might be able to proceed, Plaintiffs' Complaint required significant amendment to do so.[1] *Id.* at 6-12.

Ultimately, while the Complaint was eligible for summary dismissal, the Court *sua sponte* granted Plaintiffs leave to amend, instructing them, if they so choose, to file an amended complaint that provided factual details regarding the actions taken by the State to remove their child from their custody (including the names of any courts involved, the nature of the proceedings and their outcomes) and alleging Jennings' occupation and the actions she took that harmed Plaintiffs including what Jennings did, and where and when she did it. *Id.* at 11-12. Plaintiffs were warned that failure to file an amended complaint would result in dismissal of all claims against the remaining defendant Jennings and that any amended complaint filed would supersede and replace their Complaint. *Id.*

On April 10, 2026, Plaintiffs filed their Amended Complaint. Filing No. 12.

---

[1] Specifically, this Court explained that the Complaint required amendment to determine whether any claims against Jennings in her individual capacity were barred by *Rooker-Feldman*, the *Younger* doctrine, or potential immunities relating to Jenning's job title and her actions taken. Filing No. 11 at 6-12.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## III. DISCUSSION

Plaintiffs' Amended Complaint is wholly noncompliant with this Court's March 26 Memorandum and Order. While Plaintiffs acknowledge this Court's findings regarding the dismissal their claims against all prior defendants with exception to defendant Jennings in her individual capacity in the Amended Complaint, they do not provide any of the requested details, instead explaining that their "main concern is [their] daughter's safety and well-being." Filing No. 12 at 4. As relief, they ask this Court to "take immediate steps to locate and protect [their] daughter." *Id.*

While the Amended Complaint contains no discussion, much less any additional factual detail, about any of the claims, defendants, or jurisdictional allegations required

for any of the claims to proceed and is far from the "short and plain statement" required by Federal Rule of Civil Procedure 8, as discussed in this Court's March 26, Order, ultimately the relief Plaintiffs seek—the investigating and/or finding the location of their daughter—is not available here. Therefore, as Plaintiffs failed to comply with this Court's March 26 Memorandum and Order, and the Amended Complaint both fails to state a claim upon which relief may be granted and seeks unavailable relief, this matter must be dismissed in its entirety. 28 U.S.C. § 1915(e)(2)(B).

IT IS THEREFORE ORDERED that: This matter is dismissed without prejudice as Plaintiff's complaints failed to state a claim against any defendant upon which relief may be granted and as Plaintiff failed to comply with this Court's Initial Review Order. The Court will enter judgment by a separate document.

Dated this 7th day of August, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court